**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-2063-CM/DJW |
| | ) | |
| UNITED EGG PRODUCERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendants Land O'Lakes, Inc., Moark Egg Corporation, Moark, LLC, and Norco Ranch, Inc.'s Motion to Stay All Proceedings (ECF No. 4) and motions joining that request for stay by Defendants United Egg Association, United Egg Producers, and United States Egg Marketers (ECF No. 32); Michael Foods, Inc. (ECF No. 35); Cal-Maine Foods, Inc. (ECF No. 36); and Rose Acre Farms, Inc. (ECF No. 58). Defendants ask the Court to stay proceedings in this case pending a final transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' motion to transfer and consolidate this action with several other cases. For the reasons set forth below, the Court grants in part and denies in part these motions.

I.      **Background Facts**

Plaintiffs are purchasers of shell eggs and egg products. Defendants are vertically integrated producers of shell eggs and/or egg products, including horizontal competitors and trade groups. Plaintiffs claim that Defendants are or have been involved in a conspiracy to (1)

fix prices on shell eggs and egg products, and (2) reduce output of the same. Due to this

conspiracy, Plaintiffs claim they have been forced to pay supra-competitive prices for shell eggs

and egg products. In this antitrust action, Plaintiffs seek to recover damages under the Kansas

Restraint of Trade Act.

On December 2, 2008, the JPML transferred several cases involving similar and/or

overlapping allegations and parties to Judge Gene E.K. Pratter in the United States District Court

for the Eastern District of Pennsylvania for consolidated pretrial proceedings. Defendants, on

February 2, 2011, filed Notice of Potential Tag-Along Action with the JPML seeking to transfer

the above-captioned case to the Eastern District of Pennsylvania. The JPML entered its

Conditional Transfer Order transferring the above captioned action to the Eastern District of

Pennsylvania on February 3, 2011. Defendants' motion to stay all proceedings in this action

pending a final ruling by the JPML is now before this Court.

## II.    Applicable Law Regarding Stays Pending Transfer Rulings by the JPML

A district court has the inherent power to stay its proceedings.[1] This power is "incidental

to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants."[2] In exercising this power,

the Court "must weigh competing interests and maintain an even balance."[3]

A case is not automatically stayed merely because a party has moved the JPML for

transfer and consolidation. Nor, is a stay required when a conditional JPML transfer order has

been entered. Indeed, Rule 2.1(d) of the Rules of Procedure for the United States Judicial Panel

---

[1]*Landis v. N. Am. Co.*, 299 U.S. 249, 254 (1936).

[2]*Id*. at 254.

[3]*Id.*

on Multidistrict Litigation states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."[4]   However, "Courts frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay."[5]

In deciding whether to grant a stay based on the pendency of a motion to transfer or a conditional order of transfer by the JPML, courts typically consider three factors:  (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved.[6]  The decision to grant or deny a temporary stay of proceedings pending a ruling by the JPML on a motion to transfer lies within the court's discretion.[7]

## III.    The Parties' Arguments

Defendants argue that in the interest of judicial economy the stay should be granted. Specifically, if a stay is not granted, "this Court will have needlessly expended its energies

---

[4]Rule of Pro. of the U.S.J.P.M.L. 2.1(d).

[5]*Noland v. Enter. Holdings Inc.*, No. 10-2140-JWL, 2010 U.S. Dist. LEXIS 62600, at *1 (D. Kan. June 22, 2010) (granting stay pending resolution of plaintiff's objection to conditional transfer order).

[6]*Franklin v. Merck & Co., Inc.*, No. 06-cv-2164-WYD-BNB, 2007 U.S. Dist. LEXIS 5010, at *6 (D. Colo. Jan. 24, 2007); *Bd. of Tr. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F.Supp. 2d 900, 905 (N.D. Ill.2002); *Rivers,* 980 F.Supp. at 1360.

[7]*Benge v. Eli Lilly and Co.,* 553 F. Supp. 2d 1049,1050 (N.D. Ind. 2008); *Baeza v. Tibbetts*, No. 06-0407 MV/WPL, 2006 U.S. Dist. LEXIS 95317, at *3-4 (D. N.M. July 7, 2006) (citing  *Landis,* 299 U.S. at 254-55); *Rivers*, 980 F. Supp. at 1360.

familiarizing itself with the intricacies of a case that would be heard by another judge."[8]

Defendants also assert that Plaintiffs would not be prejudiced by a stay, particularly since the

JPML already entered its Conditional Transfer Order transferring the above captioned action to

the Eastern District of Pennsylvania.[9]

Plaintiffs, on the other hand, argue that a stay of all proceedings will be prejudicial to

them as it could allow for transfer to "a federal court halfway across the country" for

involvement in a litigation of which Plaintiffs "specifically opted-out."[10] Furthermore, Plaintiffs

claim that a stay of all proceedings delays the ruling on Plaintiffs' Motion to Remand and, thus,

rewards Defendants' attempt to "trap plaintiffs in a jurisdictional quagmire."[11] Plaintiffs also

argue that judicial economy will not be served. Finally, Plaintiffs state that they are willing to

voluntarily postpone serving discovery until after a ruling by this Court on the threshold

jurisdictional issue.[12] Thus, Plaintiffs maintain that there is no reason for this Court to delay

briefing or ruling on Plaintiffs' motion for remand.

IV.     **Analysis**

The Court finds Defendants' judicial economy argument persuasive. It would be

unnecessary to continue acquiring in-depth and detailed knowledge about this case with the

possibility for transfer and remand pending. Yet, the Court also finds merit in Plaintiffs'

---

[8]Defs.' Memo. Of Law In Supp. Of Defs.' Mot. to Stay All Proceedings (ECF No. 5) at
pg. 4 (citing *Rivers*, 980 F. Supp. at 1360).

[9]Defs.' Submission of Supplemental Authority Supp. Defs.' Mot. to Stay (ECF No. 7)
Ex. A.

[10]Plfs.' Memo. In Opp. To Defs.' Mot. To Stay All Proceedings (ECF No. 23) at pg. 1.

[11]*Id*. at pg. 2.

[12]*Id*. at pg. 15.

argument that delaying the ruling on jurisdictional issues would be particularly prejudicial to Plaintiffs. Thus, a stay will be granted for all proceedings unrelated to Plaintiffs' motion regarding jurisdiction, specifically Plaintiffs' Motion to Remand (ECF No. 21).

In sum, the Court finds that the interests of judicial economy and efficiency will be served, and prejudice to all parties will be minimized, if the case is stayed as to all proceedings except as to issues pertaining to Plaintiffs' Motion to Remand.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay All Proceedings (ECF No. 4) and Defendants' joinder motions (ECF Nos. 32, 35, 36, and 58) are granted in part and denied in part. All proceedings are stayed, except as to Plaintiffs' Motion to Remand, pending a final transfer decision by the Judicial Panel on Multidistrict Litigation.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 24th day of March 2011.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel of record